**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1913

JOSEPH N. BRIGGS,

Plaintiff - Appellant,

versus

CITY OF ASHEVILLE, Police Department; BUNCOME
COUNTY SHERIFF,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge. (CA-05-73-1)

Submitted: March 23, 2006                Decided: March 27, 2006

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph N. Briggs, Appellant Pro Se.  Curtis W. Euler, CITY ATTORNEY'S OFFICE, Asheville, North Carolina; Julie M. Kepple, BUNCOMBE COUNTY SHERIFF'S DEPARTMENT, Asheville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph N. Briggs appeals the district court's order dismissing his 42 U.S.C. § 1983 (2000) complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000). The magistrate judge recommended that relief be denied and advised Briggs that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. Despite this warning, Briggs failed to object to the magistrate judge's recommendation.[*]

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of failure to object. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Briggs has waived appellate review by failing to file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.

---

[*]In response to the magistrate judge's report, Briggs filed a notice of appeal. That notice of appeal was interlocutory when filed; however, the district court's subsequent entry of judgment prior to this court's consideration of the appeal cures the defect in jurisdiction. See Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992). Moreover, Briggs filed a second notice of appeal following the district court's entry of final judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>